17-1255-cr
United States v. Nales Figueroa

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
                    *Circuit Judges*,
          PAUL G. GARDEPHE,
                    *District Judge.*[*]

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,


          v.                                      No. 17-1255-cr

ANGEL LUIS NALES FIGUEROA,
                    *Defendant-Appellant*,


OMAR ADONIS GUZMAN-MARTINEZ, MIGUEL MORALES CASILLAS,
                    *Defendants.*[†]
------------------------------------------------------------------------
FOR APPELLANT:                    David Touger, Peluso & Touger, LLP,
                                  New York, New York.

---

[*] Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the official caption to read as shown above.

FOR APPELLEE:                           Frank J. Balsamello, Karl Metzner, Assistant
                                        United States Attorneys, *for* Geoffrey S.
                                        Berman, United States Attorney for the
                                        Southern District of New York, New York,
                                        New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 18, 2017, is AFFIRMED.

Defendant Angel Luis Nales Figueroa was convicted based on his guilty plea to stalking resulting in serious bodily injury and involving the use of a dangerous weapon, in the course of which crime the victim's face was slashed. *See* 18 U.S.C. §§ 2261(b)(3), 2261A(1) and 2. He appeals the resulting 55-month, above-Guidelines prison sentence as procedurally and substantively unreasonable. In reviewing a sentence for reasonableness, we apply "a particularly deferential form of abuse-of-discretion review," *United States v. Cavera*, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (*en banc*), "both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)," *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Challenge

Nales Figueroa argues that the district court committed procedural error in denying him a three-level Guidelines reduction for acceptance of responsibility.  *See* U.S.S.G. § 3E1.1.   "Whether a defendant has carried his burden to demonstrate acceptance of responsibility is a factual question on which we defer to the district court unless its refusal to accord such consideration is without foundation."  *United States v. Broxmeyer*, 699 F.3d at 284 (internal quotation marks omitted).   To the extent Nales Figueroa urges such a lack of foundation here, the argument is without merit.   While Nales Figueroa argued at sentencing that he thought the plan was merely to threaten the victim with a knife and not cut her, he stated in a post-arrest interview that the plan was "to cut [the] woman's face."   App'x 175.   Accordingly, the district court's finding that Nales Figueroa "minimiz[ed] his conduct and alter[ed] his conduct from that which occurred" was supported by the record.   *Id.* at 71.

In any event, the district court made clear that it would have imposed the same sentence "even if [it] had given [the three-level reduction for] acceptance of responsibility."  *Id.* at 110; *see id.* (stating that "three points for the acceptance of responsibility are really neither here, nor there, in terms of the ultimate sentence that [the court] would arrive at").   Where the district court makes such an explicit and unambiguous declaration that an urged Guidelines adjustment would not affect its ultimate sentence in any event, we need not decide a procedural challenge to the adjustment's omission.  *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (recognizing where "record indicates clearly that the district court would have imposed

3

the same sentence in any event," any procedural error "may be deemed harmless" (internal quotation marks omitted)); *accord United States v. Feldman*, 647 F.3d 450, 459 (2d Cir. 2011).

Moreover, we are not persuaded by Nales Figueroa's arguments urging us not to take the district court at its word. Rather, as we proceed to explain in addressing Nales Figueroa's substantive reasonableness challenge, the record amply demonstrates that the district court carefully considered all relevant factors in exercising its ultimate discretion to impose an above-Guidelines sentence of 55 months' incarceration to serve the sentencing goals of 18 U.S.C. § 3553(a).

2. Substantive Challenge

In challenging his sentence as substantively unreasonable, Nales Figueroa bears a heavy burden because we will set aside a sentence on that ground "only in exceptional cases" where the challenged sentence cannot be located within the wide range of permissible decisions available to the district court, *United States v. Cavera*, 550 F.3d at 189, that is, where "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). That is not this case.

In determining that a 55-month sentence was sufficient but not greater than necessary to serve the statutory objectives of federal sentencing, *see* 18 U.S.C. § 3553(a), the district court explicitly considered mitigating factors, including Nales Figueroa's lack of criminal history, and his "desire to work in the business . . . he started" and to "be involved in the life of his son." App'x 104. It also considered at length, however, the

4

nature and circumstances of the offense, noting that the crime of conviction "was an assault for hire, in the most blunt and basic sense," *id.* at 98, that "required travel on airplanes twice" at the direction of "somebody who was already in prison," *id.* at 99, to "participate in [a] violent crime" against a woman Nales Figueroa "didn't know . . . personally," *id.* at 102. On this record, we cannot conclude that a 55-month sentence was outside the "broad range" of sentences available to the district court so as to be considered substantively unreasonable. *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008).

In urging otherwise, Nales Figueroa faults the district court for considering the physical injury sustained by the victim as part of its discussion of the § 3553(a) factors, arguing that because he "already received a 4-point [Guidelines offense level] increase for the conduct that resulted in the victim's bodily injury," such consideration amounted to impermissible double counting. Appellant Br. at 31. We are not persuaded. The imposition of a Guidelines enhancement does not preclude consideration of all the § 3553(a) factors, and the district court may rely on circumstances informing a Guidelines calculation to vary upward from the Guidelines range where it articulates reasons for distinguishing the defendant's situation from that generally covered by the Guidelines calculation. *See United States v. Sindima*, 488 F.3d 81, 87 (2d Cir. 2007). Here, the district court carefully and convincingly explained why Nales Figueroa's offense, which put the victim at risk of even "more bodily injury . . . than actually was done," fell outside the Guidelines heartland, stating, in any event, that the "for-hire"

5

nature of the crime was "far more important[]" to its upward variance decision than the physical injury inflicted.    App'x 103.

No different conclusion is warranted by Nales Figueroa's assertion that "the essence of the crime" is that co-defendant Omar Adonis Guzman-Martinez—the man who hired Nales Figueroa—"had a personal vendetta" against the victim, who was "the mother of his children."    Appellant Br. at 31.    Nales Figueroa offers no explanation as to how Guzman-Martinez's relationship with the victim somehow lessens his own culpability.    Indeed, the district court found that Nales Figueroa's willingness "to do this kind of stalking with violence" for profit against a woman he did not know—with whom he had no prior "involvement" and against whom he himself had no "vendetta"—aggravated, rather than mitigated, his culpability.    App'x 103.    We identify no abuse of discretion in that determination.    *See generally United States v. Broxmeyer*, 699 F.3d at 289 (recognizing "particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge" (internal quotation marks omitted)).

3.    Conclusion

We have considered Nales Figueroa's other arguments and conclude that they are without merit.    Accordingly, we AFFIRM the judgment of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court